UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINda P., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:23-cv-00196-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

On May 5, 2023, the Plaintiff filed a pro se complaint seeking judicial review of a decision by the Commissioner denying her request for a waiver of overpayment of her Supplemental Security Income (SSI) benefits. *See* ECF Nos. 1 to 1-6; ECF No. 6-1 at 8-16. In her complaint, the Plaintiff acknowledges that she was "late" in seeking judicial review but asks "for leniency" because her father died on July 4, 2021, and she has since been occupied in probate litigation involving his estate. ECF No. 1-1. She represents that she has been unable to find an attorney to help with her father's estate and that it has been a stressful "daily chore." *Id.*

The Commissioner moves to dismiss the Plaintiff's complaint as untimely, pointing out that it was not filed within the statutorily permitted timeframe and arguing that she has not demonstrated an entitlement to equitable tolling. *See* ECF No. 6.

1

In a rambling and somewhat difficult to follow response in opposition to dismissal, the Plaintiff claims that she has been ill since August 2022 and was hospitalized in July 2023 "for complicated Diverticulitis." ECF No. 7 at 1. She asserts that her father died under suspicious circumstances, his estate is "being embezzled in the amounts of over two million dollars," and that the stress on her has been "tremendous." *Id.*

42 U.S.C. § 405(g) provides that any "individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision *by a civil action commenced within sixty days after the mailing to [her] of notice of such decision* or within such further time as the Commissioner may allow." (Emphasis added.)

Here, the Commissioner's decision became final when, on August 15, 2022, the Appeals Council declined to review the Administrative Law Judge's decision denying the Plaintiff's request for a waiver of overpayment. *See* ECF No. 1-5 at 9-12; 20 C.F.R. § 416.1481. A Notice of Appeals Council Action was mailed to the Plaintiff at her current address that same day. *See* ECF No. 1-5 at 9. That notice informed her that the decision was final, instructed her on how to file a civil action for judicial review, and warned her about the sixty-day limitation for doing so. *Id.* at 9-11. Despite this, the Plaintiff waited 263 days before filing the instant complaint.[1] *See* ECF No. 1.

---

[1] The Plaintiff does not contend that she did not receive the notice from the Appeals Council—indeed, she even attached it to her complaint—or that she misunderstood the timeframe for seeking judicial

Having unquestionably missed the statutory deadline, the Plaintiff can only proceed if she is entitled to equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986) (noting that the time limit in section 405(g) is not jurisdictional and is subject to equitable tolling). A "litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016) (cleaned up).

Even assuming the Plaintiff's diligence in pursuing her rights at the agency level, she has failed to cogently explain how the litigation involving her father's estate or her illness prevented her from timely filing her complaint. I am sympathetic to the Plaintiff's struggles; but given that she has "two legal degrees" and has been able to maintain years-long probate litigation without an attorney, I am unconvinced that her stress or illness rendered her incapable of protecting her rights by timely filing her complaint. ECF No. 7 at 1, 3; *cf. Aldridge v. McDonald*, 837 F.3d 1261, 1262-63, 1266 (Fed. Cir. 2016) (affirming the Veterans Court's determination that a claimant was not entitled to equitable tolling of statutory deadline based on his depression at the deaths of his mother, sister, and unborn granddaughter where he engaged in other activities during the relevant time period that showed he was capable of

---

review, but she does argue that she never received a "notice of decision." ECF No. 1-3; ECF No. 1-5 at 9-12. She also vaguely suggests that she did not receive "some" of the documents attached to the Commissioner's motion to dismiss. ECF No. 7 at 1 ("I briefly looked through the pile of Social Security's 33 pages and I can honestly say some of the documents attached were never sent to me."). I decline to give any weight to these equivocations.

handling his affairs). Accordingly, the Plaintiff is not entitled to equitable tolling of the deadline for filing her complaint.

For these reasons, I recommend that the Court **GRANT** the Commissioner's motion and **DISMISS** the Plaintiff's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: August 29, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge